O

# United States District Court
# Central District of California

| | |
|---|---|
| STEPHEN D. HEALY, <br><br> Plaintiff, <br><br> v. <br><br> QOGNIFY, INC., <br><br> Defendant. | Case № 2:18-cv-06318-ODW (MRW) <br><br> **ORDER DENYING DEFENDANT'S MOTION TO DISMISS [35]** |

## I. INTRODUCTION

Presently before the Court is Defendant Qognify, Inc.'s ("Qognify") Motion to Dismiss ("Motion") Plaintiff Stephen D. Healy's ("Healy") Third Amended Complaint ("TAC") for Lack of Subject Matter Jurisdiction and Failure to State a Claim. (Mot. to Dismiss ("Mot."), ECF No. 35.) For reasons that follow, Qognify's Motion is **DENIED**.[1]

## II. BACKGROUND

The Court incorporates by reference the thorough description of the background facts of this case contained in the Court's earlier Order granting in part and denying in part the motion to dismiss the First Amended Complaint ("FAC"). (Order, ECF

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

No. 27.) To the extent the TAC contains the same factual allegations, the Court does not repeat them here.

Healy pleads the following facts. As a condition of employment, Healy signed a "Proprietary Information, Inventions Assignment, Non-Competition and Solicitation Agreement" ("PIIA"). (TAC ¶ 11, ECF No. 34.) This agreement contains a non-compete provision restricting Healy's ability to work for Qognify's competitors for a period of one year following termination of employment. (TAC ¶ 12.) Healy was terminated on May 14, 2018, and required to sign a "Separation and Release" agreement (the "Separation Agreement"). (TAC ¶ 16.) Healy executed the Separation Agreement on or about June 5, 2018. (TAC ¶ 17.)

Healy was then hired by Pivot3, Inc. ("Pivot3"). (TAC ¶ 25.) Subsequently, Qognify sent Healy a letter indicating that Qognify believed Healy had violated the PIIA's non-compete provision by accepting employment from Pivot3. (TAC ¶¶ 26–28.) In the letter, Qognify's attorneys stated their intent to bring legal action to rectify Healy's perceived breach if Healy failed to respond to the letter by June 29, 2018. (TAC ¶ 28.) On July 12, 2018, Healy filed a complaint in California Superior Court, County of Los Angeles (the "California Action"). (*See* Notice of Removal, Ex. 1 ("Compl."), ECF No. 1-1.) Qognify removed the California Action on July 20, 2018, citing diversity jurisdiction. (*See* Notice of Removal 1.) At the same time, Qognify filed a complaint for breach of the PIIA in the United States District Court, District of New Jersey, seeking damages and injunctive relief against Healy, which was subsequently transferred to the Central District of California. (TAC ¶¶ 5, 10.)

On August 14, 2018, Qognify moved to dismiss Healy's FAC. (ECF No. 9.) On March 15, 2019, this Court granted-in-part Qognify's motion to dismiss. (*See* Order.) The Court dismissed Healy's intentional interference with contract and unfair competition claims. (Order 9–10.) However, the Court held that California state law applies, and that Healy properly invoked the Court's jurisdiction under the

Declaratory Judgment Act. (Order 5, 8.) The Court granted Healy leave to amend his complaint, and on May 10, 2019, Healy filed the TAC. (Order 11; *see* TAC.)

In the TAC, Healy alleges one cause of action: declaratory relief pursuant to 28 U.S.C. § 2201(a), California Business and Professions Code section 16600, and California Labor Code section 925. (*See* TAC ¶¶ 34–42.) Qognify contends that the one-year period of Healy's PIIA ended on May 14, 2019, and therefore, Healy's claim is moot. (Mot. 1, 4.) Accordingly, on May 24, 2019, Qognify moved to dismiss this case for lack of subject matter jurisdiction and for failure to state a claim. (*See generally* Mot.)

### III. LEGAL STANDARD

#### A. RULE 12(B)(1)

Under FRCP 12(b)(1), a complaint may be dismissed for lack of subject matter jurisdiction. "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id*. "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*. Regardless of the type of motion asserted under Rule 12(b)(1), the plaintiff always bears the burden of showing that federal jurisdiction is proper. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376–78 (1994); *Valdez v. United States*, 837 F. Supp. 1065, 1067 (E.D. Cal. 1993), *aff'd* 56 F.3d 1177 (9th Cir. 1995).

#### B. RULE 12(B)(6)

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v.*

*Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and "must construe all factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks omitted). But a court need not blindly accept conclusory allegations, "unwarranted deductions of fact, and unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV. DISCUSSION

As indicated, Healy's TAC premises jurisdiction on the Declaratory Judgment Act, 28 U.S.C. § 2201(a). Healy seeks the following declarations: (1) California law applies to this controversy; (2) the Separation and Release Agreement modified the terms and conditions of the PIIA; (3) the PIIA is void pursuant California state law; (4) Healy did not breach the enforceable terms of the PIIA; (5) Healy has not violated any enforceable non-solicitation and/or non-disparagement clauses of the PIIA and/or Separation and Release Agreement; (6) the action must be venued in the Central District of California; and (7) Healy is entitled to recover his attorneys' fees under both the PIIA and the Separation Agreement. (*See* TAC ¶¶ 36(a)–(g).)

However, this Court has previously found that California law applies (Order 9) and the New Jersey Court has found that venue in this Court is proper and California law governs the PIIA (Mot. 10). Accordingly, the Court addresses Healy's request for declaratory relief as to TAC ¶¶36(b)–(e), and (g).

## A. DECLARATORY JUDGMENT ACT

The Declaratory Judgment Act provides, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). The Ninth Circuit has long held that courts must first inquire whether there is an actual case or controversy within its jurisdiction when jurisdiction is premised on the Declaratory Judgment Act. *Am. States Ins. Co. v. Kearns,* 15 F.3d 142, 143 (9th Cir. 1994). The requirement that a case or controversy exist under the Declaratory Judgment Act is "identical to Article III's constitutional case or controversy requirement." *Id.* It is not enough that a case presents a live controversy when it is filed. *Fed. Election Comm'n v. Wis. Right to Life, Inc.*, 551 U.S. 449, 461 (2007). An actual controversy must exist at all stages of federal court proceedings. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). This means that, at all stages of the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant [that is] likely to be redressed by a favorable judicial decision." *Id.* (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)).

Courts have held that a request for Declaratory Judgment to void a non-compete agreement is moot when: (1) the non-compete agreement has expired and (2) the opposing party has not or "will not pursue any claims to enforce the noncompete provisions or to recover any damages from Plaintiffs related to the non-compete provisions." *See Imtiaz Khan v. K2 Pure Sols., LP*, No. 12-CV-05526-WHO, 2013 WL 4734006, at *4 (N.D. Cal. Sept. 3, 2013); *see e.g. Mintz v. Mark Bartelstein & Assocs. Inc.*, 906 F. Supp. 2d 1017, 1028 (C.D. Cal. 2012) (finding declaratory judgment claim was moot because defendants had not attempted, in the litigation or any other litigation, to enforce the non-compete clause); *Howard v. Octagon, Inc.*, C 13–1111 PJH, 2013 WL 5122191, at *4 (N.D. Cal. Sept. 13, 2013) ("A representation to a court that a party will not seek to enforce a covenant not to compete completely moots a claim for declaratory relief seeking to invalidate a

covenant not to compete."); *Morcote v. Oracle Corp.*, No. C-05-0386 JCS, 2005 WL 3157512, at *5 (N.D. Cal. Nov. 23, 2005) (finding plaintiff's declaratory judgment claim moot because the defendant had not sought to enforce the non-compete provision, which had expired).

Here, Qognify argues that the Court lacks subject matter jurisdiction over Healy's claim because there is no live case or controversy. (Mot. 4–5.) Qognify primarily argues that, because the non-compete provision of the PIIA has expired, Healy's declaratory judgment claim is moot. (Mot. 6.) The court disagrees and finds that a live case or controversy exists.

Although the non-compete provision of PIIA has expired, Qognify does not assert that it will not pursue any claims to enforce the noncompete provision of the PIIA. (*See generally* Mot.) In fact, Qognify has sought enforcement of the non-compete provision of the PIIA by filing suit against Healy for breach of the PIIA. (TAC ¶ 5; Mot. 2.) For example, in *Imtiaz Khan*, which Qognify cites, the court held that no case and controversy existed because the non-compete provision had expired, defendant no longer sought to enforce the non-compete agreement, and the opposing parties agreed that the non-compete agreements were void. *See Imtiaz Khan*, 2013 WL 4734006, at *4. Furthermore, the court stated that a live case or controversy existed when the lawsuit was filed because the defendant had attempted to enforce the non-compete agreements in two federal district courts. *Id*. at *2, *4. Once the defendant decided to settle or dismiss those cases, however, no live controversy remained. *Id*. As Qognify similarly seeks to enforce the non-compete provision, and makes no mention of dismissing that claim, the Court finds that a live case and controversy exists. *Id*.

Furthermore, Healy continues to maintain that after he was terminated, Qognify interfered with his ability to contract by threatening legal action to enforce a non-compete provision contained in the employment contract he signed with Qognify. This alleged wrong committed by Qognify is traceable and can be remedied through a

6

favorable ruling. Thus, Healy properly invokes the Court's jurisdiction under the Declaratory Judgment Act, and Qognify's Motion to Dismiss is **DENIED** on this basis.

**B.    FAILURE TO STATE A CLAIM**

Qognify argues that Healy's allegations are insufficient to state a plausible claim for relief under either California Labor Code section 925 or California Business and Professions Code section 16600. (Mot. 11.) Qognify therefore argues that Healy's TAC fails to state a claim. (Mot. 11.)

Healy alleges that he executed agreements with Qognify and that the non-compete provision within these agreements is void pursuant to California state law. (TAC ¶¶ 11, 17, 32.) Healy also alleges that, after he was terminated, Qognify interfered with his ability to contract by threatening legal action to enforce a non-compete provision contained in the employment contract he signed with Qognify. (TAC ¶ 10.) Further, Healy alleges that on July 19, 2018, Qognify filed a complaint for breach of the PIIA in the United States District Court, District of New Jersey, seeking damages and injunctive relief against Healy, which was transferred to this Court. (TAC ¶ 5.) Healy seeks declaratory relief from this Court finding that the non-compete provision is non-enforceable. (TAC ¶¶ 35–36.)

Healy's complaint sets forth a live controversy sufficient to satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter*, 319 F.3d at 494. Further, Healy's factual allegations that Qoginfy seeks to enforce the non-compete agreements against Healy raises a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. Accordingly, Healy has adequately stated a claim, and therefore, Qognify's Motion is **DENIED** on this basis.

## V. CONCLUSION

For the reasons discussed above, Qognify's Motion to Dismiss is **DENIED**. (ECF No. 35.)

**IT IS SO ORDERED.**

January 10, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**